■ · ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of CATHY BB., Respondent, v GEROME CC., Appellant.—Appeal from orders of the Family Court of St. Lawrence County, entered February 20, 1979, which adjudged and declared respondent to be the father of twins born on May 15, 1978. The proceeding was commenced by the St. Lawrence County Department of Social Services, by petition dated July 25, 1978, for a declaration of paternity of twins born on May 15, 1978. A hearing on the petition was held on February 7, 1979. The trial court held that petitioner proved by clear and convincing evidence that respondent had intercourse with the twins' mother, Cathy, early in October, 1977, resulting in her pregnancy and the birth of the twins on May 15, 1978. Cathy testified that she had intercourse with respondent on October 3, 6, and 9, 1977, and that she consulted a physician on November 23, 1977, who testified that she was eight weeks pregnant as of that date, and, further, that the twins were six weeks premature when born. Respondent testified that he had a protracted affair with Cathy, but that he had stopped seeing her in March, 1977, and denied having intercourse with her at any time in September or October, 1977. A neighbor of the mother testified that she observed respondent visiting in August and September, 1977. A girl friend of Cathy testified that she discussed Cathy's pregnancy with respondent in February, 1978, at which time he did not want Cathy to get upset and lose the baby. Respondent testified that later he called the witness by telephone to say, "What's going on?", because he was concerned. Respondent contends that the proof submitted did not prove paternity by clear, convincing and satisfactory evidence. The testimony of Cathy that she had intercourse with respondent

was corroborated by the testimony of her physician and her neighbor. The only testimony to the contrary was respondent's denial of any intercourse with her at that time. The trial court was justified in accepting Cathy's corroborated testimony, and rejecting respondent's denial. Respondent's inability to show that Cathy had intercourse with anyone else during the probable period of conception, coupled with the evidence of his being promptly told about the pregnancy and his initiation of contact with a witness to learn more about the pregnancy, all combine to completely justify the trial court's finding of paternity by "clear and convincing" evidence. The trial court chose to believe Cathy's testimony which was corroborated, and to disbelieve the uncorroborated testimony of respondent. Such a determination should not be overturned (*Matter of Schenectady County Dept. of Social Servs. v Hilvan RR*, 57 AD2d 688). Order affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.